UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DHARPAL DEVDA and ARATI DEVDA, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS LIQUOR, INC. d/b/a MORRIS LIQUOR, DILUJI GOHIL, individually, HIMANSHU PATEL, individually, MITESH H. PATEL, individually, and KAVSHIK H. PATEL, individually, <br><br> Defendants. | |

**COMPLAINT AT LAW**

Plaintiffs, Dharpal Devda and Arati Devda ("Plaintiffs"), by and through their attorneys, Caffarelli & Associates Ltd., for their Complaint at Law against Defendants Morris Liquor, Inc. d/b/a Morris Liquor, Diluji Gohil, individually, Himanshu Patel, individually, Mitesh H. Patel, individually, and Kavshik H. Patel, individually, (collectively "Defendants"), states as follows:

**NATURE OF ACTION**

1. Plaintiffs brings this lawsuit against all Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiffs one and one-half times their regular rate of pay ("overtime") for hours worked in excess of forty (40) per individual workweek.

2. Plaintiff Dharpal Devda brings this lawsuit against all Defendants pursuant to the Illinois Whistleblower Act, 820 ILCS 105/1, *et seq.* ("IWA") for Defendants' discharge of Plaintiff based on his refusal to participate in illegal conduct. Plaintiff Dharpal Devda also brings

a claim against Defendant Morris Liquor, Inc. d/b/a Morris Liquor for common law retaliatory discharge based on these same actions.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facility located in Morris, Grundy County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Defendant Morris Liquors, Inc. d/b/a Morris Liquors is an Illinois corporation, licensed to do business within the State of Illinois and registered with the Illinois Secretary of State. Defendant is located at 2407 Sycamore, Dr., Morris, Illinois 60450.

6. Defendant Diluji Gohil is an owner of Morris Liquor, Inc. Defendant Gohil is involved in the day-to-day business operations of Morris Liquor, Inc. Among other things, Gohil has the authority to hire, fire, direct, and supervise workers.

7. Defendant Himanshu Patel is an owner of Morris Liquor, Inc. Defendant Himanshu Patel is involved in the day-to-day business operations of Morris Liquor, Inc. Among other things, Himanshu Patel has the authority to hire, fire, direct, and supervise workers.

8. Defendant Mitesh H. Patel is an owner of Morris Liquor, Inc. Defendant Mitesh Patel is involved in the day-to-day business operations of Morris Liquor, Inc. Among other things, Mitesh Patel has the authority to hire, fire, direct, and supervise workers.

9. Defendant Kavshik H. Patel is an owner of Morris Liquor, Inc. Defendant Kavshik H. Patel is involved in the day-to-day business operations of Morris Liquor, Inc. Among other things, Kavshik H. Patel has the authority to hire, fire, direct, and supervise workers.

10. Plaintiff, Dharpal Devda, was formerly employed by Defendants from January 2019 through August 2019.

11. Plaintiff, Arati Devda, was formerly employed by Defendants from January 2019 through August 2019.

12. Throughout the course of their employment, Plaintiffs were each an "employee" of Defendants as defined by the FLSA.

13. Throughout the course of their employment, Plaintiffs were each an "employee" of Defendants as defined by the IMWL.

14. Throughout the course of their employment, Plaintiff Dharpal Devda was an "employee" of Defendants as defined by the IWA.

15. Throughout the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

16. Throughout the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the IMWL, 820 ILCS 105/4a.

**FACTUAL ALLEGATIONS**

17. Defendants employed Plaintiffs as store clerks from on or about January 15, 2019 through on or about August 2019.

18. As store clerks, Plaintiffs were primarily responsible for opening and closing the store, stocking shelves, checking out customers at the register, etc.

3

19. Throughout their entire employment, Plaintiffs were paid at a rate of $10.00 per hour in cash.

20. From January 2019 through August 2019, Plaintiffs consistently worked more than forty (40) hours per individual workweek.

21. Throughout the statutory period, Plaintiffs typically worked between 74 and 84 hours per week.

22. Plaintiffs were entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

23. Defendants did not compensate Plaintiffs at the overtime rate of pay one and one-half times their regular rate ($10.00 per hour) for all time worked in excess of forty (40) hours in individual workweeks.

24. Defendants failed to compensate Plaintiffs at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

25. Defendants knew or should have known of their obligation to pay Plaintiffs overtime and intentionally chose not to pay them accordingly.

26. Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

27. Further, Defendants had a practice of regularly purchasing liquor products from other major retail establishments, including Binny's and Sam's Club, and reselling the products at their store.

28. Defendants asked Plaintiff Dharpal Devda to pick up these liquor products from Binny's and Sam's Club and transport them to the Morris Liquor store.

29. Plaintiff Dharpal Devda reasonably believed that Defendants' conduct violated the Illinois Liquor Control Act of 1934. Pursuant to the act, a retailer can never legally purchase alcohol from another retailer. All products must be purchased by a legally registered distributor.

30. After Plaintiff Dharpal Devda became aware that this conduct was illegal, he informed Defendants it was unlawful and refused to participate.

31. Plaintiff Dharpal Devda filed a complaint with the Illinois Liquor Control Commission to report Defendants' unlawful conduct.

32. Shortly thereafter, on or about August 31, 2019. Defendants terminated Plaintiffs in retaliation for Dharpal Devda's refusal to participate in Defendant's illegal conduct and/or because he had filed a complaint with the Illinois Liquor Control Commission.

### COUNT I – FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME
**(Against all Defendants)**

33. Plaintiffs restate and incorporate Paragraphs 1 through 32 as though fully set forth herein.

34. At all times relevant within the statutory period, Defendants were an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

35. At all times relevant within the statutory period, Plaintiffs were each an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

36. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

37. Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

38. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

39. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

40. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiffs worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiffs, Dharpal Devda and Arati Devda, respectfully request that this Court enter an order as follows:

a) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

### COUNT II – ILLINOIS MINIMUM WAGE LAW – FAILURE TO PAY OVERTIME
### (Against all Defendants)

57. Plaintiffs restate and incorporate Paragraphs 1 through 32 as though fully set forth herein.

58. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

59. At all times relevant within the statutory period, Defendants were an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

60. At all times relevant within the statutory period, Plaintiffs were each employed by Defendants as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq*.

61. Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

62. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

63. Defendants violated the IMWL by failing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

64. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (5%) per month of the amount of underpayments, and treble damages.

WHEREFORE, Plaintiffs, Dharpal Devda and Arati Devda, respectfully request that this Court enter an order as follows:

    a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiffs pursuant to the IMWL;

    b) Awarding prejudgment interest on the back pay in accordance with 815 ILCS 205/2;

    c) Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    e) Ordering such other and further relief as this Court deems appropriate and just.

### COUNT III – ILLINOIS WHISTLEBLOWER ACT – RETALIATION FOR REFUSAL
### (For Plaintiff Dharpal Devda)
### (Against all Defendants)

65. Plaintiff restates and incorporates Paragraphs 1 through 32 as though fully set forth herein.

66. The IWA states that "an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or Federal law, rule, or regulation […]." 740 Ill. Comp. Stat. § 174/20.

67. At all relevant times, Defendants were Plaintiff Dharpal Devda's "employer" as defined by 740 Ill. Comp. Stat. § 174/5.

68. At all relevant times, Plaintiff Dharpal Deva was an "employee" of Defendants, as defined by 740 Ill. Comp. Stat. § 174/5.

69. Plaintiff refused to participate in Defendants' conduct of purchasing liquor products from other major retail establishments and reselling the products at their store.

70. Plaintiff reasonably believed that Defendants' conduct violated the Illinois Liquor Control Act of 1934.

71. Defendants terminated Plaintiff Dharpal Devda in retaliation for his refusal to participate in an activity that would have resulted in a violation of law in violation of 740 Ill. Comp. § 174/20.

WHEREFORE, Plaintiff Dharpal Devda respectfully requests that this Court enter an order as follows:

    a. Awarding Plaintiff his back wages, with interest, front pay and lost benefits;

    b. An order expunging Plaintiff's record of any related discipline and termination;

    c. Statutory damages, including compensatory damages, to make Plaintiff whole;

    d.   Equitable damages to make Plaintiff whole;

    e.   Reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    f.   Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem and proper.

## COUNT IV – COMMON LAW RETALIATORY DISCHARGE
### (For Plaintiff Dharpal Devda)
### (Against Defendant Morris Liquor, Inc. d/b/a Morris Liquor)

72. Plaintiff restates and fully incorporates Paragraphs 1 through 31 as though fully set forth herein.

41. Under Illinois law, the tort of retaliatory discharge consists of three elements: (1) the employer discharged the plaintiff; (2) the discharge was in retaliation for the plaintiff's activities; and (3) the discharge violated a clear mandate of public policy.

42. Defendant discharged Plaintiff Dharpal Devda for his refusal to participate in Defendant's practice of purchasing liquor products from other major retail establishments and reselling the products at their store.

73. Public policy strongly favors the exercise of an employee refusing to engage in illegal conduct at the direction of an employer.

74. Plaintiff Dharpal Devda reported what he reasonably believed to be, and actually was, an illegal practice to the Illinois Liquor Control Commission.

75. Defendant Morris Liquor, Inc. discharged Plaintiff Dharpal Devda in retaliation for engaging in protected activities.

76. As a direct and proximate result of Defendant Morris Liquor, Inc.'s retaliatory discharge of Plaintiff Dharpal Devda, he has suffered financial injury and emotional pain and suffering as a direct and proximate result of Defendant's willful and malicious course of conduct.

WHEREFORE, Plaintiff Dharpal Devda respectfully requests this Court to enter an order as follows:

a. Compensatory damages in a fair and reasonable amount against Defendant;

b. Punitive damages against Defendant, in the maximum amount allowed by law;

c. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d. Such other and further relief as may be just and appropriate under the circumstances.

Dated: November 13, 2020

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Katherine E. Stryker, #6333420
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*
*kstryker@caffarelli.com*

Respectfully submitted,
DHARPAL DEVDA and
ARATI DEVDA,


By: /s/ Alexis D. Martin
    Attorney for the Plaintiffs